UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 1:10-CR-71 |
| v. | ) |
| | ) *Collier / Lee* |
| DERRICK HODGE | ) |

## **REPORT AND RECOMMENDATION**

Defendant Derrick Hodge filed a motion to suppress all evidence as a result of the search of his home located at 3110 7th Avenue, Chattanooga, Tennessee on April 7, 2010, claiming his Fourth Amendment rights were violated when Chattanooga Police Officer Jeff Lancaster relied on allegedly false information from an unreliable confidential informant to obtain the search warrant at issue [Doc. 8].[1] The Government opposes the motion [Doc. 13]. For the reasons stated herein, I **RECOMMEND** that Defendant's motion to suppress be **DENIED**.

## **I. BACKGROUND**

According to Defendant, "[a]s a result of the search, officers seized a large quantity of powder cocaine, a large quantity of cash, digital scales, and a firearm." [Doc 9 at 1][2]. As relevant to the instant motion, the "four corners" of Officer Lancaster's Affidavit set forth the following

---

[1] Defendant's motion to suppress was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)[Doc. 11]. Defendant's motion was filed with a supporting memorandum [Doc. 9], Officer Lancaster's Affidavit for Search Warrant [Doc. 9-2] (the "Affidavit") and the Search Warrant (the "Warrant") issued by General Session Judge David Bales [Doc. 9-1].

[2] A return from the execution of the Warrant does not appear in the record, but the criminal complaint initiating this action was supported by an affidavit that states some four kilograms of cocaine, $388,000 in cash, scales, a bullet proof vest, and a revolver were found during the execution of the Warrant [Doc. 1].

information:

2. That on the 5th day of April 2010, your affiant received information from a confidential informant.

3. The said informant advised me that within the last 72 hours said informant was on the premises of the potential defendant in this case, Derrick Hodge, who resides in or occupies and is in possession of the following described premises, to wit; 3110 7th Avenue Chattanooga, Hamilton County, Tennessee. This is a green house with white front porch posts and having the numbers 3110 displayed on the front porch and mailbox (see attached photo herein incorporated into this Affidavit for Search Warrant). While there said informant saw legend and/or narcotic drugs including crack cocaine, the same being on said premises in the possession of and control of said Derrick Hodge.

4. The said informant further advised your affiant that Derrick Hodge ~~sales~~ sells crack cocaine from his residence.

5. Your affiant was able to corroborate the information provided by the said informant. During this investigation your affiant has conducting[sic] controlled crack cocaine buys from Derrick Hodge at the said location.

6. The said informant has made at least two (2) controlled buys from the above said address for your affiant, with one of these buys occurring within the last 72 hours. The following controls were in place: Under the direction and control of your affiant, the said informant was physically checked or searched by your affiant for any type of contraband, your affiant found none on the informant who was visually monitored entering the premises. The informant conducted the hand to hand drug transaction, specifically money for crack cocaine. Your affiant then observed the informant leave the said premises. Your affiant, close in time thereafter personally retrieved from the informant crack cocaine purchased by the informant and suspected to be crack cocaine. Your affiant personally inspected the crack cocaine and found it to match in color, texture, shape, and odor the controlled substance known as crack cocaine. Your affiant followed appropriate procedures or safeguards which ensured that the currency supplied to the informant prior to the purchase was spent as directed, and your affiant again physically checked or searched the informant and found no other contraband on the informant. This purchase was made by the informant, the

informant made no stops or had no contact with any indiviuals [sic] before handing crack cocaine to your affiant.

7. Your affiant has known the said informant for at least six (6) years.

8. The said informant has provided Officer Lee Wolff #955 information on at least one (1) occasion in the past that have lead to the arrest and conviction of an individual in violation of narcotic laws, which has been corroborated by the affiant.

9. The said informant has provided Officer Vernon Kimbrough #788 with information in the past that have lead to the arrest and conviction of individuals.

10. The affiant further states that he was advised by Officer Phillip Narramore #713 that the said officer has also received information from his informants about drug sales at the premises herein described.

11. The affiant further states that he has received information from another informant about drug sales at the premises herein described.

12. The affiant further states that Derrick Hodge has a criminal history for drugs.

[Doc. 9-2] (the Affidavit quoted above is reproduced as it appeared in the original document).

## II. ANALYSIS

### A. *Franks* Hearing

In order to be entitled to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), commonly referred to as a *Franks* hearing, a defendant must make a dual showing. First, the defendant must "make[ ] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." *Id.* at 155-56. Second, the offending information must be "necessary to the finding of probable cause;" if the offending information is excluded and probable cause still remains, a

*Franks* hearing is not required. *Id.* at 156.

As to the first prong of the *Franks* standard, the substantial preliminary showing that a false statement was included by the affiant, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has elaborated as follows:

> A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden. His allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth. He must accompany his allegations with an offer of proof. Moreover, he should also provide supporting affidavits or explain their absence.

*United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) (citations omitted). Significantly, in order to be entitled to a *Franks* hearing, the defendant must make a substantial preliminary showing that the affiant, rather than the informant, deliberately or recklessly included false information in the affidavit. *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir. 1993); *United States v. Rodriguez-Suazo*, 346 F.3d 637, 648 (6th Cir 2003).

Defendant has not submitted declarations or other proof to contradict the information included in the Affidavit or made any offer of proof. Equally troublesome for Defendant, he utterly fails to point to specific false statements that he claims were made intentionally or with reckless disregard for the truth. Instead, and perhaps contending any and all information provided by the confidential informant was false, Defendant makes only the following conclusory allegations:

> The information supplied to Officer Lancaster by the confidential informant was false. The defendant was not a "crack" seller. Indeed, it would be ludicrous to expect someone alleged to have over 3 kilos of powder cocaine and several hundred thousand dollars in cash to sell a small quantity of "crack rocks" through the front door. If so, the confidential informant cannot be said to be reliable and the warrant should be deemed invalid.

[Doc. 9 at 1](citing *Franks* and *United States v. Atkin*, 107 F.3d 1213, 1216 (6th Cir. 1997)).

4

In his pleadings, Defendant does not specifically request a *Franks* hearing, although he does cite to *Franks*. Generously construing this citation to *Franks* as requesting a *Franks* hearing does not relieve Defendant of his burden to make the required substantial preliminary showing that Officer Lancaster, knowingly and intentionally or with reckless disregard, included false information in his Affidavit. Although not entirely clear, it appears Defendant's argument is that it is "ludicrous" to believe a powder cocaine drug dealer of his alleged magnitude (apparently as demonstrated by the results of the search) would have engaged in petty crack sales from his residence so, therefore, the confidential informant must have been lying. This conclusory and unsupported allegation does not make a substantial preliminary showing that a false statement was knowingly and intentionally, or with reckless disregard, included by Officer Lancaster in his Affidavit. Indeed, Defendant has not even attempted to claim Officer Lancaster, rather than the informant, deliberately or recklessly included false information in the Affidavit. *See Ayen*, 997 F.2d at 1152. Thus, I **FIND** Defendant has not made the requisite showing for a *Franks* hearing.

### B.     Validity of the Search Warrant

Having determined that the Defendant is not entitled to a hearing on his motion to suppress, the issue remaining for determination is whether the Warrant itself, or the execution thereof, was somehow deficient or illegal. Defendant has not alleged the execution of the warrant was illegal, so the only issue for examination is whether the Warrant itself passes constitutional muster.[3] I **CONCLUDE** the Warrant does.

When, as is the situation here, a search warrant is obtained by state officers from a state

---

[3] The Government's response only addresses the Defendant's failure to make the required showing for a *Franks* hearing. Again generously construing the motion, Defendant arguably has raised an issue about the informant's reliability, thus this issue will be addressed herein, albeit without the benefit of the Government's argument.

5

court, but the evidence seized is ultimately to be used in a federal prosecution, the validity of the warrant is examined under the standards of the Fourth Amendment to the United States Constitution. *See, e.g.*, *United States v. Wright,* 16 F.3d 1429, 1437 (6th Cir. 1994). The Fourth Amendment states, *inter alia*, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. Because Defendant is not entitled to an evidentiary hearing pursuant to *Franks*, this Court must make a determination of probable cause by evaluating the information contained within the four corners of the affidavit supporting the warrant. *See, e.g.*, *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) ("The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added.").

In making such an evaluation, great deference is accorded to the issuing judge's determination of probable cause. *See, e.g.*, *United States v. Calloway*, 116 F.3d 1129, 1132 (6th Cir. 1997) (issuing judge's determination of probable cause should not be reversed absent clear error). "[T]he task of a reviewing court is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton,* 466 U.S. 727, 728 (1984).

An affidavit supporting the issuance of a search warrant should be reviewed in a commonsense, rather than hypertechnical, manner to determine probable cause. *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). Probable cause to conduct a search exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Information regarding illegal activity which comes to the attention of law enforcement

through a confidential informant can serve as the basis for probable cause, as long as the reliability of the confidential source is established as part of the totality of the circumstances. *United States v. Jones*, 159 F.3d 969, 974 (6th Cir. 1998). Two factors are critical to the determination that a confidential informant's tip provides a substantial basis for finding probable cause: (1) an explicit and detailed first-hand description of the wrongdoing and (2) corroboration of the tip by independent investigation. *United States v. Sonagere,* 30 F.3d 51, 53 (6th Cir. 1994). In determining the reliability of informant information, the issuing magistrate, and this Court, "must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances." *United States v. Helton,* 314 F.3d 812, 819 (6th Cir. 2003) (citing *Gates,* 462 U.S. at 238). An affidavit "must state facts supporting an independent judicial determination that the informant is reliable," but the facts need not be stated in any particular form. *United States v. McCraven,* 401 F.3d 693, 697 (6th Cir. 2005). Independent corroboration of the informant's information is not required when the issuing magistrate is provided with assurances that the informant is reliable, such as a prior record of providing reliable information. *See*, *e.g., United States v. Allen,* 211 F.3d 970, 976 (6th Cir. 2000) (en banc); *Helton,* 314 F.3d at 820.

In the instant matter, the first paragraph of the Affidavit recites the qualifications and experience of Officer Lancaster. The second, third, and fourth paragraphs of the Affidavit recite with particularity the description of the place to be searched, the information provided by the confidential informant, and the identification of Defendant as the individual residing in the premises to be searched and suspected of possessing contraband. Paragraphs five through nine recite law enforcement's past dealings with the confidential informant, including his provision of reliable information to law enforcement on multiple occasions, and two recent controlled buys by the

7

informant from the premises to be searched. Officer Lancaster averred with detail the confidential informant had provided reliable information to law enforcement on several occasions in the past, and went the added step of corroborating the informant's information by conducting two controlled buys at the place to be searched, one within 72 hours of the Warrant application. The Affidavit details a first-hand description of the wrongdoing, the facts supporting an independent judicial determination that the informant is reliable based on past dealings with law enforcement, and the corroboration of the informant's information through two controlled buys. Defendant has submitted no authority to support any claim that Officer Lancaster, or the issuing judge, was somehow reckless in not questioning the reliability of the confidential informant at the time the Warrant was issued based on what was found during the subsequent search. *See United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001) ("Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable.").

Reviewing the Affidavit in a commonsense manner, with the required deference, under the totality of the circumstances, I **FIND** the Affidavit provides a substantial basis for the issuing judge to have reasonably believed a search of Defendant's residence would uncover evidence of wrongdoing. A reasonable reading of the Affidavit shows a reliable confidential informant, with a proven track record of providing fruitful information about controlled substance crimes, reported witnessing illegal drug sales being made from Defendant's residence, which information was corroborated when the confidential informant engaged in two controlled buys, one within 72 hours of the Warrant application, at Defendant's residence. The Affidavit most certainly established probable cause for issuance of the Warrant based upon a fair probability that contraband or evidence of a crime would be found at Defendant's residence. Thus, I **FIND** the Affidavit supports a finding

of probable cause for the issuance of the Warrant.

## III.   CONCLUSION

For the reasons stated above, I **RECOMMEND**[4] that Defendant's motion to suppress [Doc. 8] be **DENIED**.

                                                s/*Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are "frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).