UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DERRICK HODGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 1:11-cv-301, 1:l0-cr-71-CLC-SKL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

**I.    PROCEDURAL HISTORY**

Acting *pro se*, federal inmate Derrick Hodge ("Petitioner" or "Hodge") brings this motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Court File No. 25).[1] The United States has filed a response in opposition and Petitioner has replied to the United States' response (Court File Nos. 31 and 33). For the reasons which follow, Petitioner's § 2255 motion will be **DENIED**.

**II.    BACKGROUND**

This case was initiated with the filing of a criminal complaint (Court File No.1). Then, on April 13, 2010, the Grand Jury charged Hodge in a four-count indictment with commission of two cocaine-related offenses (Counts One and Two) and two firearm offenses (Counts Three and Four) (Court File No. 4). Thereafter, following the denial of Petitioner's motion to suppress and

---

[1]    All citations to the record refer to Petitioner's criminal file.

the government's filing of a notice of prior convictions under 21 U.S.C. § 851, he pleaded guilty to the cocaine conspiracy charge, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, as alleged in Count One (Court File Nos. 15, 17, and 19). For this offense, Petitioner received, on December 3, 2010, a 240-month term of confinement and a ten-year term of supervised release, with judgment entering fourteen days later (Court File Nos. 21-22). Hodge did not file a direct appeal to the United States Court of Appeals for the Sixth Circuit, but instead brought this timely § 2255 motion to vacate on October 7, 2011, raising three main grounds for relief (Court File No. 25).

The stipulated facts underlying Hodge's conviction were contained in his signed plea agreement (Court File No. 20, ¶ 4). He confirmed those facts were true and correct at his rearraignment hearing before the undersigned district judge (Court File No. 46, Rearraignment Hr'g Tr. 10).

On April 9, 2010, investigators with the narcotics unit of the Chattanooga Police Department and an officer with the Alcohol, Tobacco, and Firearms task force executed a search warrant at Hodge's residence (Court File No. 20, ¶ 4). The officers discovered Petitioner hiding in a utility room and they also found in the room approximately 3.5 kilograms of cocaine. In Petitioner's master bedroom, the officers uncovered another one-half kilogram of cocaine and $388,222 in cash. In the kitchen was an additional ounce of cocaine, two sets of digital scales, a bullet proof vest, and, near the drugs, a Taurus .357 revolver.

Hodge was informed of his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966),[2] which he waived, and he admitted the cocaine, money, and revolver belonged to him. Petitioner

---

[2] Prior to custodial questioning, a criminal suspect must be given four warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966), including advice as to his right to remain silent, any

acknowledged his purchases of cocaine were in 3-kilogram amounts, for which he paid $92,000, and he stated he had the gun for protection. Based upon the four kilograms found in his possession at the time the search warrant was executed, Hodge stipulated it was clear he had purchased at least six kilograms of cocaine from his supplier and that he conspired with another to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## III. STANDARD OF REVIEW

Under 28 U. S. C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence if he claims the sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction to impose the sentence, or the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). Relief for a non-constitutional error is warranted where a movant shows a fundamental defect in the criminal proceedings which inherently results in a complete miscarriage of justice or an egregious error that rises to the level of a violation of constitutional due process. *Davis v. United States*, 417 U.S. 333, 346 (1974); *Gall v. United States*, 21F.3d 107, 109 (6th Cir.1994).

---

statements he makes can be used against him, his right to counsel during questioning, and his right to have counsel appointed if he cannot afford one. *Id*. at 444.

Petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Under Rule 8 of the Rules Governing Section 2255 Proceedings, a court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate and the other documents show conclusively the Petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States,* 781 F.2d 85, 92 (6th Cir. 1986). The Court sees no need for an evidentiary hearing in the instant case.

## IV. DISCUSSION

### A. Ineffective Assistance of Counsel

Petitioner asserts his attorney gave him ineffective assistance by failing to investigate the nature of the offense to determine whether the elements of the cocaine conspiracy could be proven since "the government had no other [person] to accuse as a co-conspirator" (Court File No. 25, p. 11). Had counsel performed a minimal amount of research into this issue, counsel would have discovered the evidence was insufficient to support a conspiracy charge, leading to the conclusion his client was "factually and legally innocent" of the criminal conspiracy (*Id*., p. 9-10). Also, had counsel informed Hodge as to the government's duty to show an agreement with two or more persons, Petitioner could have made it known to counsel "that [he] did not agree with anyone to sell drugs in the manners [sic] that the law states is illegal " (*id*., p. 11).

4

And, had counsel disclosed the lack of evidence to support the existence of a cocaine conspiracy, Petitioner could have made "an informed and intelligent decision to demand and insist on a not guilty plea and pursue a jury trial," (*id*., p. 11), and indeed he "would have insisted on going to trial and demanded that the government prove beyond a reasonable doubt who [he] conspired with" (*id*., pp. 38-39).[3]

### 1. The Law

Claims of ineffective assistance arise from the guarantee in the Sixth Amendment, which reads, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a break down in the adversary process that renders the result unreliable.

*Id.* As with any other claim under § 2255, a movant bears the burden of proving by a preponderance of the evidence counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

---

[3] Although Petitioner's final assertion is contained in a submission entitled, "Declaration of Derrck [Sic] Hodge," the filing does not comport with the requirements for an "unsworn declaration . . . under penalty of perjury" pursuant to 28 U.S.C. § 1746.

In considering the first prong of *Strickland*'s test, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A petitioner asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). There is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

When considering *Strickland*'s second prong, in the context of a guilty plea, the movant must show a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Moss*, 323 F.3d at 454–55 (quoting *Strickland*, 466 U.S. at 694). To demonstrate a reasonable probability he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that, but for counsel's error, he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995), *cert. denied*, 516 U.S. 1058 (1996).

As noted, the standard by which a court reviews counsel's performance is highly deferential, *Strickland,* 466 U.S. at 689, and counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won*." United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). While both prongs must be established in order to meet a petitioner's burden, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be

followed." *Strickland*, 466 U.S. at 697. A petitioner alleging ineffective assistance of counsel bears a heavy burden of proof. *Pough*, 442 F.3d at 966.

### 2. Analysis

To show a conspiracy, "the government is required to prove an agreement between the defendant and at least one other person." *United States v. Bouquett*, 820 F.2d 165, 168 (6th Cir. 1987), *abrogated on other grounds as recognized by United States v. Beard*, No. 06-2425, 318 F. App'x 323, 325 (2008). To obtain a conviction under 21 U.S.C. § 846 also requires the prosecution to show the object of the agreement was to violate drug laws, a defendant knowingly and intentionally joined the conspiracy, and he participated in the conspiracy. *United States v. Gibbs*, 182 F.3d 408, 420 (6th Cir. 1999). Furthermore,

> [a]n agreement to violate the drug laws need not be express or formal. 'A tacit or mutual understanding among the parties is sufficient.' " *United States v. Caver*, 470 F.3d 220, 233 (6th Cir. 2006) (quoting *United States v. Forrest*, 17 F.3d 916, 918 (6th Cir. 1994)). "The existence of a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan." *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005) (internal quotation omitted). "[O]nce the existence [of] a conspiracy is shown, the evidence linking an individual defendant to that conspiracy need only be slight." *Caver*, 470 F.3d at 233. "[A] buyer-seller relationship is not alone sufficient to tie a buyer to a conspiracy, for mere sales do not prove the existence of agreement that must exist for there to be a conspiracy," but "evidence of repeat purchases from a single source and large volumes of narcotics creates an inference of conspiracy." *United States v. MacLloyd*, 526 Fed.Appx. 434, 439 (6th Cir. 2013) (citations omitted*), cert. denied*, ––– U.S. –––, 134 S. Ct. 280, 187 L.Ed.2d 202 (2013).

*United States v. Pritchett*, 749 F.3d 417, 431 (6th Cir. 2014), *cert. denied sub nom. Johnson v. United States*, 135 S. Ct. 196, 190 L. Ed. 2d 152 (2014).

Moreover, a criminal accused "may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an

7

agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (citations omitted); *United States v. Otobo*, No. 92-1754, 1993 WL 196053, *3 (6th Cir. June 9, 1993) (per curiam) (observing "[w]here a defendant conspires with un-indicted co-conspirators, a defendant may be convicted of a conspiracy").

The elements of the cocaine conspiracy with which Hodge was charged and to which he pleaded guilty were detailed in Hodge's signed plea agreement and iterated by the Court during his rearraignment hearing (Court File No. 20, ¶ 3, Court File No. 46, Rearraignment Hr'g Tr. 6–7). Furthermore, as noted earlier, Petitioner stipulated he conspired with another to distribute cocaine. Thus, the record refutes Petitioner's allegations that he pled guilty without having been advised as to the elements of his cocaine conspiracy.

Even if the Court assumed, contrary to the face of the record, that counsel failed to advise Hodge of the elements of his conspiracy offense, Hodge would still need to show prejudice. This Hodge cannot do because he was informed twice of those elements prior to the entry of his guilty plea and because he indicated during his plea colloquy with the Court he understood those rights. It matters not whether the source of the information was Petitioner's attorney or the Court, so long as he knew and understood the elements of the offense before he entered his guilty plea. *See Diaz v. Mantello*, 115 F.Supp.2d 411, 422 (S.D.N.Y. 2000) (finding counsel's failure to advise of the consequences of pleading guilty did not prejudice a petitioner where the court so advised him and where he indicated he understood those consequences); *cf. Bousley v. United States*, 523 U.S. 614, 618 (1998) (finding that giving a defendant a copy of his indictment charging him with using a firearm gave rise to a presumption he was informed of the nature of the charge).

By the same token, the plea agreement contained a provision explaining the government had to prove an agreement between two or more persons to distribute five kilograms of cocaine and the Court, during the plea colloquy, dispensed the same advice to Petitioner during the plea colloquy, before finding his plea was supported by facts containing each of the essential elements of the offense and accepting his guilty plea (Court File No. 20, ¶ 3 Court File 46, Rearraignment Tr. 6-7, 10). Clearly, the record shows Hodge was convicted by "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he [wa]s charged." *In re Winship*, 397 U.S. 358, 364 (1970).

Had counsel told Petitioner he was factually and legally innocent of the conspiracy charge and that the record did not show an agreement with another because no other person was identified as having agreed with Petitioner to distribute cocaine, this advice would have been an incorrect factual statement, as well as an incorrect statement of the law. *Rey*, 923 F.2d at 1222 (holding a conspiracy conviction will stand upon proof of an agreement between two or more persons, even if the coconspirators names remain unknown). Counsel's performance is not rendered deficient by failing to give a client advice which is factually and legally erroneous.

Furthermore, there is no showing of prejudice, as prejudice is defined by *Strickland* or as prejudice alleged by Petitioner. According to Petitioner, he "would have insisted on going to trial and demanded that the government prove beyond a reasonable doubt who [he] conspired with" (Court File No. 25, p. 39). Here, there was proof of an agreement between Hodge and another person since he stipulated to this fact (Court File No. 20, ¶ 4.b). Petitioner knew of his stipulation before he pleaded guilty. Yet despite knowing he had conceded that he had agreed with one other person to distribute cocaine, he persisted in entering his plea.

9

Had Hodge gone to trial, the government would not have had to prove with whom he had conspired, only that he agreed with at least one other to deal cocaine, so there is not "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 694).[4]

Finally, as the United States asserts, in exchange for Hodge's guilty plea to the offense in Count One, which it would have been able to establish easily, the three remaining counts in the indictment were dismissed, including a firearms charge which, if proven to the jury, would have resulted in a mandatory consecutive five-year sentence. In view of the quality and quantity of the evidence against Petitioner, the Court does not find it reasonable to infer he would have rejected the favorable plea bargain and risked a much greater sentence at trial, if convicted of all counts alleged in the indictment. Put another way, Hodge did not lose, by virtue of any "performance below professional standards," what at trial he "would probably have won." *Morrow*, 977 F.2d at 229.

Because counsel has no duty to assert legally baseless claims, *United States v. Martin*, 45 Fed. Appx. 378, 381 (6th Cir. 2002); *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986), and because he cannot be ineffective when he does not raise such claims, *Greer v. Mitchell*, 264 F.3d 663, 676 (2001), Petitioner's ineffective assistance claims lack merit.

---

[4] As the United States points out, the issue as to whether at trial it could have proven an agreement with at least one other person has been rendered moot because Petitioner entered a guilty plea, which operates as a waiver of all preceding constitutional violations. *See Tollett v. Henderson,* 411 U.S. 248, 266–67 (1973) (finding a voluntary and unconditional guilty plea generally forecloses challenges to all non-jurisdiction defects occurring prior to the plea).

10

### B. Insufficient Indictment

In his next claim, Hodge maintains the indictment did not allege an offense because it did not apprize him of the facts and circumstances surrounding the charged conspiracy, specifically the identity of the person with whom he conspired to distribute five kilograms or more of cocaine.

Count One of the indictment reads, as follows:

> The Grand Jury charges that in or about April, 2010, in the Eastern District of Tennessee and elsewhere, the defendant, DERRICK HODGE, and other persons known and unknown to the Grand Jury, did combine, conspire, confederate and agree to knowingly, intentionally and without authority distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, (Court File No. 1).

Courts have noted that "an indictment under 21 U.S.C. § 846 is sufficient if it alleges 'a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy.'" *United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999) (quoting *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982)). The indictment in this case sufficiently alleges the time frame of the conspiracy, the type and nature of the violation, the place where the violation occurred, and the statute violated. Furthermore, the indictment adequately enabled Hodge "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Vassar*, 346 F. App'x 17, 19-20 (6th Cir. 2009).

Also, as was discussed in the previous claim, a defendant's indictment is not rendered insufficient because of the absence of the identity of his co-conspirators. *Id.* at 19-20 (observing use of language which charges the existence of agreements between a defendant and "others

11

known and unknown to the grand jury" does not make an indictment alleging conspiracy offenses inadequate).

Because the indictment in this case contained "the elements" of the conspiracy charge, gave Hodge "adequate notice of the charges," and "protect[ed] [him] against double jeopardy," it was constitutionally adequate.[5]  *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005) (citing *Russell v. United States*, 369 U.S. 749, 763–64 (1962)).  This claim lacks merit.

### C. Prosecutorial Misconduct

In the last numbered claim in Hodge's § 2255 motion, he maintains the government committed prosecutorial misconduct by vindictively increasing the amount of cocaine seized during his arrest to charge him with a more serious offense (Court File No. 25, p. 19). As an example of misconduct on the part of the government, Hodge maintains the approximately 4 kilograms of cocaine found during the search of his residence evolved into five kilogram of cocaine when the government presented the cocaine conspiracy case to the grand jury. It is Petitioner's belief the United States intentionally increased the drug amount so as to charge him with a violation of 21 U.S.C. § 841(b)(1)(A) because it carried a penalty of ten (10) years' to life imprisonment (Court File 25, p. 19).  Hodge suggests the more appropriate charge was the one alleged in Count Two, which called for a lesser penalty of five to forty years' imprisonment (*id.*, pp. 19-20).

---

[5] Because the Court has found the indictment constitutionally satisfactory, the Court need not address Hodge's factually undeveloped assertion that "the government has probably committed some form of prosecutorial misconduct in order to obtain the indictment by some fraudulent means" (Court File No. 25, p. 11).  *See* Rule 2 of the Governing Rules § 2255 Motions, which requires a motion to "specify all grounds for relief available to the moving party" and "state the facts supporting each ground;" *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (finding a petition which fails to state the supporting facts is legally insufficient on its face and may be dismissed).

As the United States highlights in its response, Hodge has failed to take account of the sum of $388,222 in cash which was seized along with the cocaine and which he admitted to be drug proceeds. Petitioner has similarly failed to account for his acknowledgment that he purchased cocaine in three kilogram units at one time. Thus, as respondent points out, given the four kilograms of cocaine and the amount of drug proceeds ($388,222 in cash) found in his residence, along with his admission of purchases of three kilogram units of cocaine at a time, the record fully supports the conclusion that the amount of drugs involved in the cocaine distribution conspiracy was five kilograms.

Petitioner's allegation involving the United States' decision to charge him with cocaine-related offenses in Counts One and Two, rather than to charge him only with the cocaine offense alleged in Count Two, though labeled as prosecutorial misconduct, is in truth an exercise of prosecutorial discretion.

"[T]he Government retains "broad discretion" as to whom to prosecute . . . [and] [so] long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *United States v. Scott,* 631 F.3d 401, 406 (7th Cir. 2011), *as amended* (Jan. 28, 2011) (quoting, *inter alia*, *United States v. Goodwin*, 457 U.S. 368, 380, n. 11 (1982), and *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). "This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Scott*, 631 F.3d at 406 (7th Cir. 2011).

Here, it is clear there was probable cause to believe Petitioner had engaged in a cocaine distribution conspiracy, and the Court declines to conduct any further examination of the exercise of charging discretion on the part of the prosecutor. *See United States v. Woods*, 576

13

F.3d 400, 409 (7th Cir. 2009) ("There is nothing that this court either could or should do about the prosecutorial discretion that is exercised at the charging stage.").

## V. CONCLUSION

For the reasons indicated above, Hodge is not entitled to relief under § 2255 and his motion to vacate, set aside or correct his sentence will be **DENIED** and this action will be **DISMISSED**.

## VI. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner, whose claims have been rejected on the merits, satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner, whose claims have been rejected on a procedural basis, must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001).

The Court has individually assessed Petitioner's claims under the relevant standards and finds that those claims do not deserve to proceed further because they have no viability in light of the governing law. Thus, jurists of reason would not conclude the disposition of those claims

was debatable or wrong. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

**A separate judgment will enter**.

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**